IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KASOWITZ, BENSON, TORRES & FRIEDMAN, LLP,

    Plaintiff,

v.

ALPHONSE FLETCHER, JR. and FLETCHER ASSET MANAGEMENT, INC.,

    Defendants.

No. C -13-05052 (EDL)

**ORDER REMANDING CASE**

On September 19, 2013, Plaintiff filed a complaint against Defendants in the Supreme Court of the State of New York. The complaint contained claims for breach of contract, quantum meruit, and account stated. On October 29, 2013, Defendants filed a notice of removal in the Northern District of California. Plaintiff's removal, however, violates 28 U.S.C. § 1446(a), which provides that a defendant may only remove a state court action to the district within which the state court action is pending. Here, the state court action was pending in New York, not the Northern District of California. Because Plaintiff's removal is improper, the Court remands this case to the Supreme Court of the State of New York.

The Court also remands because there is no federal subject matter jurisdiction over the state court action. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.") Plaintiff asserts that there is federal question jurisdiction under 28 U.S.C. § 1331 because Plaintiff's conduct raises important federal questions, such as whether Plaintiff's legal advice about federal law was accurate. "It is long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987).

Plaintiff's complaint, however, contains only state law claims for breach of contract, quantum meruit, and account stated based on Plaintiff's provision of legal services to Defendants. "A state-created cause of action can be deemed to arise under federal law (1) where federal law completely preempts state law; (2) where the claim is necessarily federal in character; or (3) where the right to relief depends on the resolution of a substantial, disputed federal question." ARCO Environ. Remediation, LLC v. Montana, 213 F.3d 1108, 1114 (9th Cir. 2000) (internal citations omitted). Here, Plaintiff's contractual claims are not preempted by any federal law and are not federal in character. Further, although Defendants argue that Plaintiff's conduct implicates a number of federal laws (Notice of Removal ¶¶16-25), federal law is not a necessary element of Plaintiff' state law claims. See, e.g., Rains v. Criterion Sys., Inc., 80 F.3d 339, 345 (9th Cir. 1996) ("Even where, as here, state law creates the cause of action, and no federal law completely preempts it, federal jurisdiction may still lie if it appears that some substantial, disputed question of federal law is a *necessary* element of one of the well-pleaded state claims.") (emphasis in original, internal quotation marks omitted).

    The Court also lacks diversity jurisdiction over the state court action. According to the complaint, Plaintiff is a New York limited liability partnership with an office in New York, Defendant Fletcher resides in New York, and Defendant Fletcher Asset Management, Inc., is a New York corporation with its principal offices in New York. (Compl. ¶¶ 1-3.) Defendant Fletcher asserts that he is a resident of California, but it is undisputed that Defendant Fletcher Asset Management, Inc., is a New York corporation, and therefore the parties are not completely diverse. Defendants assert that Plaintiff erred by "nominally joining" Defendant Fletcher Asset Management and that Plaintiff "has no claim on Fletcher for legal fees purportedly owed by Management and no claim on Management for legal fees purportedly owed by Fletcher." (Notice of Removal ¶ 26.) Although a court may disregard the presence of a fraudulently joined defendant for diversity purposes, "[t]here is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." Plute v. Roadway Package Sys., Inc., 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). To overcome this presumption, Defendants must show that Plaintiff fails to state a claim against Defendant Fletcher Asset

Management and that this failure is obvious according to settled New York law. Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). Defendants have not done so at this early stage.

**IT IS SO ORDERED**.

Dated:11/18/13

ELIZABETH D. LAPORTE
United States Magistrate Judge

<div style="margin-left: auto; margin-right: 0;">**United States District Court**
For the Northern District of California</div>

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KASOWITZ, BENSON, TORRES & FRIEDMAN, LLP, | Case Number: CV13-05052 EDL |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| ALPHONSE FLETCHER, JR AND FLETCHER ASSET MANAGEMENT, INC. et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 18, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Alphonse Fletcher
188 Minna Street
San Francisco, CA 94105

Dated: November 18, 2013

Richard W. Wieking, Clerk
By: Lisa R Clark, Deputy Clerk